## B. T. BLODGETT v. THE TOWN OF BRATTLEBORO.

### Process. Appearance. Waiver.

The plaintiff's writ was dated April 22, 1855, and made returnable to the county court next to be held at, &c., "on the 4th Tuesday of June next," but was not served until the 19th of December, 1855, or entered on the docket of the county court until its January Term, 1856. *Held*, that the proceedings were irregular on their face, and should, on motion, be dismissed; and that an appearance of the defendant, for the purpose of having the process dismissed on account of such irregularity, was not a waiver of it.

ACTION ON THE CASE for the negligence of a constable of the defendant town. The cause was entered upon the docket of the county court at its January Term, 1856, at which term the defendants appeared and filed a motion to dismiss, as follows:

"And now come said defendants and move the honorable court that said action be dismissed, for the reasons that the writ in this case was sued out on the 22d day of April, 1855, and made returnable to the term of this court then next to be holden, at Chelsea, within and for said county of Orange, on the 4th Tuesday of June, 1855,[*] which writ was not served on said defendants till the 18th day of December, 1855, and was entered on the docket of this court at the present term thereof, and not before; all which, appears by said writ, and the docket of this court, by which the defendants will verify and prove the facts aforesaid."

On hearing the above motion, the county court,—UNDERWOOD, J., presiding,—having found the facts stated therein to be true, dismissed the action, to which the plaintiff excepted.

*R. McK Ormsby* for the plaintiff.

The command in the writ is to appear at the court next to be holden, at Chelsea, within and for Orange county, "on the fourth Tuesday of June next." That the writ bore the date of April 22d, is of no importance, as without date it would have been good. "The next term," must be taken in reference to the service; as taken in reference to the date would be an impossible command. The words "*fourth Tuesday of June next,*" may be rejected as surplusage; *Dean* v. *Swift,* 11 Vt. 331.

---

[*]The return day, as stated in the writ, was "the fourth Tuesday of June next," as recited in the plaintiff's brief; the year only appearing by reference to the date.

Blodgett v. Brattleboro.

General appearance is a submission to the jurisdiction of the court, and covers all defects of writ and service, saving such as are objected to in seasonable time. The motion here was not filed within the rule as to dilatory pleas.* 17 Vt. 531; 22 Vt. 325.

In cases even where the statute directs actions in being brought without certificate of time of signing, to be, on motion, dismissed, it has been held that these motions should be made within the rule for dilatory pleas. 17 Vt. 48; 19 Vt. 559.

*Peck & Colby* for the defendants.

The opinion of the court was delivered by

BENNETT, J. This case was properly dismissed. The writ was dated in April, 1855, and made returnable to the June Term of the county court next thereafter, but not served until December, 1855; and was, in point of fact, returned to the January Term of the county court, 1856, and then entered upon the docket of said court.

The proceedings are *irregular* upon the face of them, and there can be no *intendment* by which the *irregularity* can be cured. The process is no notice to the defendants to appear at the January Term of the county court, 1856; and the appearance of the defendants, for the purpose of having the process dismissed on account of such irregularity, cannot constitute a waiver of it.

Judgment affirmed.

---

*The day upon which the motion to dismiss was filed does not appear from any papers furnished to the reporter.